UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAMILTON VERANO,<br><br>**Plaintiff,**<br><br>v.<br><br>COUNTY OF ESSEX, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, STATE OF NEW JERSEY, SUPERIOR COURT OF NEW JERSEY, ESSEX COUNTY PROBATION DIVISION, ADMINISTRATIVE OFFICE OF THE COURTS, JOHN DOES 1–20, ABC CORP. 1–20,<br><br>**Defendants.** | Civ. No. 16-6388 (KM) (JBC)<br><br>**OPINION** |

This matter comes before the Court on separate motions of two groups of defendants to dismiss the complaint in this removed action for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ("Cplt.", ECF no. 1 at 5) For the reasons stated below, the motions will be granted in part and denied in part.

I. **BACKGROUND**

On September 21, 2016, the Complaint was filed in Superior Court of New Jersey, Essex County, as ESX-L-006250-16. On October 4, 2016, the County of Essex filed a notice of removal to this Court. (ECF no. 1) Removal was based upon the Complaint's allegations of a violation of federal law, 42 U.S.C. § 1983; the notice invoked the Court's federal question jurisdiction under 28 U.S.C. § 1331. *See also* 28 U.S.C. § 1343. No other defendant objected, and no motion for remand has been made.

The allegations of the Complaint, assumed to be true for purposes of these Rule 12(b)(6) motions, are as follows:

The plaintiff, Hamilton Verano, is a resident of Newark who was under probation supervision at the time of the events related in the Complaint. On August 8, 2014, the Hon. Siobhan A. Teare, J.S.C., entered an order of violation of probation and issued a bench warrant (no. 14-4988) for the arrest of Verano. On September 8, 2014, Verano was arrested and taken to the Essex County Correctional Facility in Newark. Aside from the bench warrant, there was no basis for his detention. On September 12, 2014, Verano appeared in court. At the conclusion of the hearing, Judge Teare ordered that probation be terminated and that all fines, fees, penalties, and assessments be turned over to collections. (Cplt. ¶¶ 10–14)

The clear implication of the allegations is that Mr. Verano should have been released from custody at that time. On an unspecified date, the Superior Court of New Jersey "issued a status change notice to the plaintiff's jailers indicating that he was to be released." (Cplt. ¶ 15) "Nevertheless, and for no explicable reason, the plaintiff was held at the Essex County Correctional facility an extra nineteen (19) days and he was finally released on October 1, 2014." (Cplt. ¶ 17)

The Complaint asserts four causes of action for damages:

Count 1 – 42 U.S.C. § 1983 (false arrest and imprisonment without probable cause or due process/*Monell* liability against government defendants)

Count 2 – N.J. Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6–1, N.J. Const. art. I, ¶¶ 5 & 7 (false arrest and imprisonment without probable cause or due process/*Monell* liability against government defendants)

Count 3 – New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:2–2 (Negligence/respondeat superior)

Count 4 – Demand for punitive damages.

The "State Defendants" (State of New Jersey, Administrative Office of the Courts, Superior Court of New Jersey, and Essex County Probation Division) have filed a motion to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF no. 15) The County of Essex has

2

likewise filed a motion to dismiss (incorrectly deemed a "cross-motion"), essentially joining in the State Defendants' motion and briefly supplementing the arguments. (ECF no. 17)

## II. APPLICABLE STANDARD

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court case of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

## III. DISCUSSION

### A. Counts 1 and 2

Count 1 asserts a federal Constitutional claim under 42 U.S.C. § 1983. Count 2 asserts a parallel State Constitutional claim under the NJCRA. The State Defendants and the County have moved to dismiss both.

#### 1. "Person" (State Defendants)

The State Defendants assert that they are not "persons" amenable to suit under Section 1983 or the NJCRA.[1] I agree, and will grant their motion to dismiss Counts 1 and 2.

Section § 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (emphasis added).

A state and its departments are not considered "persons" amenable to suit under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67-70 (1989). The analysis is closely related to that under the Eleventh Amendment, which bars section 1983 suits for damages against "governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes," which are "no different from a suit against the State itself." *Id.* at 70-71.[2]

---

[1] The County of Essex does not seek to join in this argument, which by its terms applies to State entities, not counties or municipalities. The liability of such local entities is governed by *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

[2] The Eleventh Amendment does not literally apply, however. The defendants have waived their Eleventh Amendment federal-forum immunity by removing the action to federal court. Any other defenses that could have been asserted in a state court action, including sovereign immunity, are not waived. *See Lombardo v.*

4

This case, as pled, does not present a viable § 1983 claim against the State Defendants. The lead State Defendant is, of course, the State of New Jersey itself. The remaining State Defendants are arms of the state which partake of the State's sovereign immunity, and therefore are not subject to suit as "persons" under Section 1983. Case law so holds as to the New Jersey Superior Court. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010); *Onyiuke v. N.J Supreme Court*, 435 F. Supp. 2d 394, 401 (D.N.J. 2006); *Hunter v. Supreme Court of N.J.*, 951 F. Supp. 1161, 1177 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997). The Essex County Probation Division, as an arm of the New Jersey Judiciary, is likewise not a section 1983 "person." *See Futterknecht v. Thurber*, No. 14-7395, 2015 U.S. Dist. LEIS 99270, at * 16 (D.N.J. Jul. 29, 2015); *Gencarelli v. Superior Court of N.J*, No. 04- 3332, 2005 U.S. Dist. LEIS 42264, at *9-10 (D.N.J. Jun. 21, 2005). So too as to the Administrative Office of the Courts, a state agency. *See, e.g., Johnson*, 869 F. Supp. at 297.

It follows that Count 1 must be dismissed as against the State Defendants.

Count 2 alleges parallel claims against the State Defendants under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6–1, for violation of the plaintiff's rights under Article I, ¶¶ 5 & 7 of the New Jersey Constitution. The NJCRA is modeled on Section 1983, and is construed in parallel with it. *See, e.g., Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012); *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). Like

---

*Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008); *see also Quern v. Jordan*, 440 U.S. 332, 341 (1979).

A close call may be presented when it is not clear whether the State is the real party in interest—*i.e.*, whether an action against a person or entity is really one against the State. In such a case, the court will consider the so-called *Fitchik* factors: (1) whether the source of the money to pay a judgment would be the State treasury, (2) the status of the defendant entity under State law, and (3) the defendant entity's degree of autonomy. *Fitchik v. N.J. Transit Rail Ops., Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). This, however, is not such a case.

5

Section 1983, NJCRA grants a cause of action against "a *person* acting under color of law." N.J. Stat. Ann. § 10:6-2 (emphasis added).

As I have previously held, the NJCRA ties the definition of a "person" to sovereign immunity in the same manner as § 1983. Claims subject to dismissal on those grounds under § 1983 are therefore equally subject to dismissal under the NJCRA:

> The same sovereign immunity reasoning has been applied to claims for damages against the state and its entities pursuant to the NJCRA. *Szemple v. Corr. Med. Servs.*, 493 Fed. Appx. 238, 241 (3d Cir.2012); *Stroby v. Egg Harbor Twp.*, 754 F.Supp.2d 716, 721 n. 5 (D.N.J.2010) (quoting *Chapman v. State of New Jersey*, Civ. A. No. 08–4130, 2009 U.S. Dist. LEXIS 75720, at *7, 2009 WL 2634888, at *3 (Aug. 25, 2009)). NJCRA is construed nearly identically to Section 1983. In particular, the definitions of "person" under the two statutes have been interpreted in parallel. *Didiano v. Balicki*, 488 Fed. Appx. 634, 638 (3d Cir. 2012) (explaining that "person" as defined in the New Jersey Code does not encompass the state or its functional equivalents).

*Endl v. New Jersey*, 5 F. Supp. 3d 689, 697 (D.N.J. 2014). *See also See B.D. v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.*, 2015 WL 4508303, at *4 n.6 (D.N.J. July 24, 2015) (Hillman, J.) ("Both the NJCRA and § 1983 require that the party sued be a 'person' acting in their individual capacity, not in their official capacity.")

Count 2 is therefore dismissed as against the State Defendants.

### 2. "Person" (County Department of Corrections)

Relatedly, the Essex County Department of Corrections asserts that it is not an independent entity amenable to suit as a "person" under § 1983 or the NJCRA, citing *Crawford v. McMillan*, 660 F. App'x 113 (3d Cir. 2016). In general, a jail or a department of a municipality is not properly sued; it is the municipality, here the County, that is the suable "person." *See Ritchie v. Hudson Cty. Corr. Ctr.*, No. CIV. 12-683 JLL, 2012 WL 3682910, at *2 (D.N.J. Aug. 24, 2012) (citing, *e.g.*, *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995 (N.D. Cal.1996) (county department of corrections is an agency of the

6

county and cannot be sued separately from the county under § 1983); *Renwick v. U.C. Med. Dept*, No. CIV.A. 10-6272 SRC, 2011 WL 1883810, at *2 (D.N.J. May 11, 2011) (citing, *e.g.*, *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) (county department of corrections not entity that can be sued separate from county)); *Antoine v. Belleville Mun. Court*, No. CIV.A. 10-1212 (KSH), 2010 WL 2989991, at *2 (D.N.J. July 27, 2010).

Counts 1 and 2 will therefore be dismissed as against the County Department of Corrections. This, however, is merely a technical amendment; the County itself, already named as a defendant, is the proper defendant for claims asserted against the Department.

### 3. Failure to state a claim/*Monell* (Essex County)

The State Defendants, joined by Essex County, argue that Counts 1 and 2 fail to state a claim upon which relief may be granted. Because I have already dismissed Counts 1 and 2 as against the State Defendants, the point is moot as to them. I nevertheless briefly discuss it as to the County.

The plaintiff has pled some alternative theories, some more viable than others. The most clearly applicable theories would seem to be false imprisonment or denial of due process. The State objects that there was probable cause for Verano's arrest and that he did receive due process (*i.e.*, a hearing before Judge Teare) following his arrest on the bench warrant.

It is true, as the County says, that "false imprisonment in both the common law and constitutional sense is defined as 'detention without legal process.'" *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Under the usual fact pattern (arrest without probable cause, followed by detention), the false imprisonment claim is exhausted once valid legal process comes into play. *See id*. The County thus objects that Mr. Verano did receive legal process; he was arrested pursuant to a warrant and he had a hearing before a Superior Court Judge. Verano's claim, however, does not fit the usual fact pattern. He alleges that the judge essentially ordered his release by terminating probation, but that he nevertheless was not released. He claims that his incarceration

7

*subsequent* to the hearing was therefore based on no legal process or justification at all.

That allegation may or may not be accurate, but it adequately sets forth a claim. A legal claim being present, the Court must next consider the argument that the County it is not liable for the acts of whatever persons were responsible.

The County is of course correct in stating that there is no *respondeat superior* liability under § 1983, and that its liability must rest, if at all, on the principles enunciated in *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). The Complaint alleges that the County is liable "under the provisions of Monell for maintaining and creating a custom, policy and practice where by constitutional violations could occur, including the failure to properly train, supervise, discipline their employees and, for failure to have in place a proper system to prevent" the kind of violation that occurred here. (Cplt. ¶ 26) Under the circumstances, I will permit the allegation to stand. The plaintiff has not even ascertained the names of those responsible. It is a reasonable inference that, if a person ordered to be released was nevertheless held in prison, something went wrong, and perhaps systematically wrong. Given that the relevant facts are all in the hands of the County, that is enough for the present. I will permit the claim to go forward so that it can be explored in discovery.

The County's motion to dismiss Counts 1 and 2 for failure to state a claim is therefore denied.

### B. Counts 3 and 4

Count 3 asserts a state tort claim for negligence under the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:2-2 *et seq*. Count 4 is a demand for punitive damages. The State Defendants, joined by Essex County, assert that Counts 3 and 4 fail to state a claim.

The State and the County argue that Count 3 cannot be sustained because emotional distress damages are not recoverable under the NJTCA unless they surmount a certain injury threshold. *See* N.J. Stat. Ann. § 59:9-

2(d). The Complaint, however, does not allege that plaintiff's feelings were hurt; it alleges that he was confined in prison without justification for nineteen days. Count 3 in particular alleges generally that "the plaintiff sustained damage" as a result of the defendants' negligence. It does not confine itself to emotional damages. Nor is it an implausible inference that nineteen days of confinement would have an economic impact. The motion to dismiss Count 3 on these grounds is therefore denied.

Count 4 asserts that an award of punitive damages would be justified. There is no need to dismiss it for failure to state a cause of action; it does not even purport to state a cause of action. Rather, it is in the nature of a prayer for relief. As such, it is superfluous; the Complaint's prayer for relief already contains a demand for punitive damages. I will permit it to stand, but with the understanding that it is not a cause of action, but a demand for relief that stands or falls with the underlying causes of action in Counts 1, 2, and 3. The title "Fourth Cause of Action" preceding ¶ 41 is struck as surplusage. See Fed. R. Civ. P. 12(f).

### C. Supplemental Jurisdiction

The claims remaining, then, are the following:

Counts 1 (§ 1983) and 2 (NJCRA) against the County only

Count 3 (negligence) against the State Defendants and the County

A question arises as to whether the Court may exercise subject matter jurisdiction over the pure State law claims. As to the County, the answer is clear. Because the Court has "original jurisdiction" over the § 1983 claim, and the remaining claims are "so related ... that they form part of the same case or controversy," I may exercise supplemental jurisdiction. 28 U.S.C. § 1367(a). As to the State Defendants, the answer is clear enough. "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties," with irrelevant exceptions. Id. The claims against the State Defendants rest on precisely the same facts as those against the County. Consequently, the Court's supplemental jurisdiction is broad enough to encompass Count 3 as against the State.

9

## CONCLUSION

The claims against the State Defendants and the County have obvious defects. As pointed out by the plaintiff, the real claims and causes of action here may well lie against individual State or County employees in their personal capacities. Those John Doe defendants may not yet have been identified, and an amended complaint may be in our future. For the present, however, I have dealt with the Complaint as it is. Counts 1 and 2 are dismissed as against the State Defendants, and the title of Count 4, which is more properly regarded as a prayer for relief, is struck. The motions to dismiss are otherwise denied.

Dated: July 20, 2017

_____
Kevin McNulty, U.S.D.J